## GRANTHAM *v.* MCCALEB *et al.*

(Division B.  May 5, 1947.  Suggestion of Error Overruled September 22, 1947.)

[30 So. (2d) 312.  No. 36436.]

Brandon, Brandon, Hornsby & Handy, of Natchez, for appellant.

Engle, Laub, Adams & Forman, of Natchez, for appellee, City Bank & Trust Co.

**C. F. Patterson**, of Natchez, for appellee, Henry M. Marks.

**W. E. Gore**, of Jackson, for appellees, Charles H. Perrault and S. B. McCaleb and his wife.

Argued orally by **Gerard H. Brandon** and **O. M. Hornsby**, for appellant, and by **C. F. Patterson** and **W. E. Gore**, for appellees.

**Alexander, J.**, delivered the opinion of the court.

Appellant contracted with appellee McCaleb for the purchase from the latter of an undivided 100/464.6 mineral interest in certain lands situated in Adams County. The deeds were prepared as two separate but similar instruments covering 50 mineral acres each, and were executed by McCaleb and his wife on March 29, 1945. The deeds were prepared upon a usual printed Mineral Right and Royalty Transfer form, to wit: No. R-101,

which contained blank spaces for insertion of the interest to be conveyed.

There is no conflict in the record as to the intent of all the parties that the above interest was to be, and that they understood it had been thereby, conveyed. However, in preparing the deeds the agreed fraction, 50/464.6, was in both deeds placed in the blanks reserved for the name of the grantee, and in a later blank, designed for the quantum of interest conveyed, the figures "50" were inserted. This sentence as completed read, therefore as follows: "* * * does grant, sell and convey unto the grantee an undivided (50) interest" in and to the minerals described.

The agreed consideration for each deed was $1,250.00. Such amounts were represented by two fourteen day drafts upon the Deposit Guaranty Bank & Trust Company, of Jackson and after execution thereof and endorsment by the payee McCaleb, were delivered to the tax assessor of the county, who was directed by the parties to deliver same to the City Bank & Trust Company, of Natchez, for transmittal and collection in due course. They were delivered to it in a sealed envelope and came into the hands of the bank's cashier, C. H. Perrault, Jr., who opened it and examined the attached deeds. He discovered the typographical inadvertence and called it to the attention of McCaleb, who agreed to its correction.

During the discussion with McCaleb, Perrault disclosed his personal interest in the subject matter and induced McCaleb to allow only one deed, as corrected, to go through with its draft for collection, and to withhold the other deed and draft in lieu of which Perrault would pay McCaleb the same amount for two mineral deeds for 25 mineral acres each, to himself and H. M. Marks, respectively. Misgivings, reasonably excited by the proposal, provoked hesitation in the mind of McCaleb but reassurances by Perrault as to his authority in the premises and his expressed willingness to save him harmless, sufficed to allay this concern and the deeds were

thereupon substituted. Cf. Johnston v. Tomme, 199 Miss. 337, 24 So. (2d) 730, 733.

Grantham filed his bill against Perrault, the City Bank & Trust Company, the McCalebs and Marks, praying for delivery of the original deed and for the establishment of a trust ex maleficio against Perrault and Marks and for damages. Summarized without technical phrasing, the defenses are (1) that the deeds as drawn were ineffective, void and unenforceable, and (2) that therefore Perrault and McCaleb were authorized to withdraw them from the channels of collection and deal with them as non-existent. The chancellor dismissed the bill at the conclusion of complainant's testimony upholding the two contentions above referred to.

We find that we are unable to agree with the learned chancellor. In the first place the instruments were deposited with the bank for collection. Receipt therefor was executed to the escrow agent, the tax assessor, in the name of the bank. So far as McCaleb was concerned they had been executed and delivered. It was no concern of the bank whether the instruments were valid or not. A gratuitous appraisal thereof by the cashier was no more appropriate than would be an adjudication that a bill of lading attached to a draft covered goods which offended his taste. The drawee of the drafts was entitled to the document as such. Its diversion in transitu was more than officious, it was tortious. Under the circumstances the bank, whose officer thereby thwarted consummation of the transaction, may not escape responsibility. Rhoads v. Peoples Bank & Trust Co., 200 Miss. 606, 27 So. (2d) 552. It would be inconsistent likewise to acquit McCaleb of his grudging complicity.

The liability of Marks it equally clear, although it rests upon additional grounds. Perrault testified positively that he acquainted Marks with the full circumstance surrounding the metamorphosis of the Grantham deed. He knew Perrault was acting and had acted as his agent in such matters. They had in fact discussed the

McCaleb minerals. He has retained the benefits of the transaction. More than this he still insists upon an endorsement of his conduct, successfully moved for a dismissal of the bill and seeks to defend this position upon appeal. He does not, and cannot, contradict the testimony of the parties to the waylaying of the document along the highways of collection. Even if it be assumed that he would be willing to contradict the positive testimony of Perrault that he told Marks of the unique history of the transaction he could not deny it was a fact, nor his subsequent knowledge thereof. By this ratification of Perrault's act he draws to himself not only its benefits but its burdens. 2 C. J. S., Agency, Sec. 49; 1 Mechem, Agency, (2) Ed., Section 436.

We do not pursue the contention that the deeds were insufficient as contracts under the statute of frauds. Appellant sued to recover the document as it was written and he complains of the action of the bank and its cashier as well as McCaleb, in withdrawing a delivered instrument which was also an item of collection. We further justify our course in putting aside the statute of frauds by our conclusion that the deed was not valueless. Its error as well as its evident intent were readily and reasonably discerned by Perrault and McCaleb, and the latter, admitting the intention with which it was drawn, consented to its perfection and reformation by simple transposition of figures. In fact one of the deeds so corrected was allowed to continue its course to ultimate delivery and the collection of its attached draft. By the admission of all parties there was a mutual mistake caused by the scrivener and reformation if required was available.

Both Perrault by his act and Marks by his ratification have become trustees ex maleficio and hold their respective titles in trust for appellant. Rhoads v. Peoples Bank & Trust Co., supra. Whether Marks rested his case at the conclusion of complainant's testimony or, as he contends, made a separate motion to exclude and

for decree, is not therefore important for the reasons above mentioned. Wherefore a remand to allow him to offer further testimony would not be in order. Compare Partee v. Pepple, 197 Miss. 486, 20 So. (2d) 73.

We keep in mind the possibility that there may have been conveyances by Perrault or Marks prior to the notice of lis pendens which would render it impracticable to re-invest title in Grantham. Against this possibility we enter decree in the alternative. In further view of our finding of the act as tortious on the part of all appellees, except Mrs. McCaleb, as to whom sufficient evidence is lacking, we remand the case for such findings upon the issue of consequential damages against such defendants and in such amounts as may be appropriate. We find no warrant in the record for the allowance of damages arising out of an enhancement in the market value of the minerals conveyed. Mere probability that a profitable re-sale could have been made is not enough.

We decree, therefore, that within thirty days from the date of this, our decree ordered herein, the appellees Perrault and Marks shall re-convey to appellant the respective interests and title acquired from the McCalebs, same being 25 mineral acres each, in default of which the clerk of the chancery court as commissioner shall execute such deeds under Section 1376, Code 1942, as shall be effective to vest the full title and interest acquired by said appellees and impose upon them the same obligations as grantors. Said clerk is further directed to administer the tender made by appellant upon execution of the transfers. If, however, said appellees have prior to the lis pendens notice conveyed any or all of the interests so acquired (as to which the parties hereto are given fifteen days from the date of our decree to make disclosure by proper affidavit filed with the clerk of this Court), the cause will be remanded to be heard upon the further issue of damages referable to tortious acts set out above in such amounts and against defendants as may be found answerable.

Reversed, and decree here for appellant.